**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LaKEITH L. McCOY, AKA LaKeith LeRoy McCoy,<br><br>                  Plaintiff - Appellant,<br><br>  v.<br><br>TONI CAREL O'NEILL, in individual capacity; et al.,<br><br>                  Defendants - Appellees. | No. 14-56334<br><br>D.C. No. 2:13-cv-08674-RGK-DFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 22, 2015**

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California state prisoner LaKeith L. McCoy, a.k.a. LaKeith LeRoy McCoy,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

action alleging various constitutional violations in connection with his criminal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

trial transcript. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.
*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C.
§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order)
(dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis
supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d
1114, 1121 (9th Cir. 2013). We affirm.

Dismissal of McCoy's action was proper because McCoy failed to allege
facts sufficient to show that defendants violated his constitutional rights. *See*
*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (to
establish § 1983 liability, a plaintiff must show a deprivation of a right secured by
the Constitution and laws of the United States); *Hebbe v. Pliler*, 627 F.3d 338,
341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a
plaintiff still must present factual allegations sufficient to state a plausible claim for
relief).

To the extent that McCoy seeks a new trial or alleges that his conviction was
invalid, dismissal was proper because success in this action would necessarily
demonstrate the invalidity of McCoy's confinement. *See Wilkinson v. Dotson*, 544
U.S. 74, 80-82 (2005) (a prisoner's § 1983 action is barred if success "would
necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the

conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)).

McCoy's contentions regarding his ability to file objections and to obtain discovery are unpersuasive.

**AFFIRMED.**